(No. 1871—■

E. B. DANNENBARGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1940.*

E. D. GEORGE and LEIGH M. KAGY, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant was appointed Investigator for the Department of Conservation of the respondent (game warden) on October 1, 1929, by Ralph F. Bradford, Director of such Department, and continued in such employment until June 1, 1931. He used his own automobile in the performance of his duties, and in addition to his regular salary of $125.00 per month was paid for his meals, as well as for the operating expenses of his car and the repairs thereon.

In his complaint herein he alleges that in addition to the foregoing, he is entitled to mileage at the rate of seven cents per mile for 22,000 miles covered by him during the period of his employment as aforesaid, and asks for an award in the amount of $1,540.00 therefor.

The record in the case consists of the evidence of claimant, together with the departmental report of Ralph F. Bradford, Director, under date of January 27, 1932, and the further report of Thomas J. Lynch, Acting Director, under date of November 22, 1937, which reports, under Rule 21 of this Court, are *prima facie* evidence of the facts set forth therein.

The only question involved in the case is the question as to whether, under the terms of his employment, claimant was entitled to mileage on his car.

Claimant states that at the time of his appointment he asked if he would have a State car, but was informed by the Director that the State did not have a car at that time; that he should use his own car and the State would take care of all expenses on it and allow him for his car.

The documentary evidence material to the question here involved consists of the following:

1. A pamphlet entitled "Guide for Inspectors and Investigators, State of Illinois, Department of Conservation."

2. A pamphlet entitled "Revised Instructions to Travelers of State of Illinois."

3. A letter dated October 1, 1929, addressed to all inspectors and investigators, signed by Ralph F. Bradford, Director, Department of Conservation.

Claimant states that he received all of the above documents at the time of his appointment, and therefore they must be construed together in order to arrive at the correct meaning and intent thereof.

The aforementioned guide for inspectors makes provision, under the heading of "Expense Accounts," for gasoline, oil, repairs, etc., but there is nothing therein which could lead claimant to believe that he was to receive an allowance for mileage on his car.

The aforementioned "Revised Instructions to Travelers of State of Illinois" apparently applies to State appointees generally, and not merely to those in the Department of Conservation, and contains the following provision relative to special conveyance, to-wit:

"Travelers are expected to use railroad, interurban, or bus service whenever practicable, and shortest direct route. Whenever other means of transportation are used a satisfactory written explanation must accompany the expense account. Whoever unnecessarily uses other means of travel will be allowed only the regular railroad fare."

"An employee traveling in a private automobile to a place which can be conveniently reached by railroad, interurban, or bus service, will be allowed not in excess of the regular railroad, interurban, or bus rate, for the use of such automobile. When a place cannot be thus conveniently reached, a charge not exceeding 7 cents per mile will be allowed for use of such automobile."

The foregoing paragraph is the provision upon which claimant bases his case.

The aforementioned letter from the Director, dated October 1, 1929, contains the following provision, to-wit:

"The Department bears the actual expense of operating cars used in carrying on your work. Statements for gas and oil and storage must be shown on one set of yellow expense blanks; lodging, meals, railroad fare, etc., must be rendered on another set; and those for minor repairs which you have paid, must be shown on a separate set of like blanks. A receipt must be obtained for any item of $1.00 or over, and attached to your statements. In showing gas and oil purchases, the mileage should also be indicated. These accounts must be rendered for the calendar month and not for longer or shorter periods of time."

The departmental report of Ralph F. Bradford, Director of the Department of Conservation, directly contradicts claimant's statement to the effect that he was to be paid for the use of the car in addition to the operation expenses thereof. The Director in such report further states:

"In addition, I would advise you that never at any time did I enter into any agreement with Dannenberger to approve bills for the use of his automobile for any amount or for any purpose, except as stated in a letter of

instructions addressed to all inspectors and investigators, on the subject of "expense accounts" a copy of which I am sending to you."

The departmental report of Acting Director Thomas J. Lynch contains the following:

"At the time of Mr. Dannenberger's employment, investigators operating their own personal cars did so at the expense of this Department. They were reimbursed for the actual expense incurred in operating their cars, and not upon a mileage basis. The payment of a mileage rate has never been the practice of this Department, and is not now, all personally-owned cars being operated upon an actual expense basis. It will be readily seen that in supplying parts, tires, batteries, etc., the owner of the car would derive certain benefits therefrom which would serve to offset any overhead by reason of the operation of his car in State service. This is true in a more limited manner of gasoline, oil and other operating expenses."

Claimant made monthly reports to the Department during the entire period of his employment, which reports showed the amount of his expenses for meals, gas and oil, repairs, etc., as well as his mileage. He admits that he received payment for all operating expenses, and admits that he made no claim for mileage at any time within a year from the date of his employment. He states that he made a verbal claim therefor several times during the year 1930, but admits that he made no written demand for such mileage until after the time he ceased to be in the employ of respondent.

Claimant's car was a Dodge sedan purchased in August, 1929, for $500.00 cash and a trade-in allowance of $150.00 on an old car. He states that when he left the employ of respondent in 1931, the car was worn out, although it appears from the evidence that the sum of $162.36 was paid to him for repairs thereon by respondent during the period he was in such employ, and that such repairs included two tires and tubes in February, 1930, as well as two tires and tubes and a battery in May, 1931, just before he left the service of the State.

If the claimant was to be paid mileage at seven cents per mile, such mileage included all expenses for gas, oil, repairs, etc. The fact that during the entire period of his employment he was paid monthly for all operating expenses and repairs on his car indicates very strongly that it was not intended by the Department, and was not expected by the claimant, that he was to receive anything for the use of his car other than the operating expenses thereof and the repairs thereon.

Considering all of the evidence in the record, together with the inferences which may reasonably be drawn there-

from, we conclude that the claimant has failed to prove that there was any agreement or undertaking on the part of respondent to pay mileage on his car, in addition to the operating expenses and repairs thereof.

Counsel for claimant suggests that he is entitled to an award on the grounds of equity and good conscience. This court has repeatedly held that we have no authority to allow an award solely on the grounds of equity and good conscience; that our authority in that behalf is limited to claims in respect of which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable; and that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award. *Crabtree* vs. *State*, 7 C. C. R. 207; *Titone* vs. *State*, 9 C. C. R. 389; *Garbutt* vs. *State*, No. 2246, decided September Term, 1937.

For the reasons above stated, award must be denied.

Award denied. Case dismissed.